UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

LARRY DEVONTE HARRIS,

        Petitioner,               Case No. 1:22-cv-820

v.                                    Honorable Paul L. Maloney

BRYAN MORRISON,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that the district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.      Factual Allegations**

Petitioner Larry Devonte Harris is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. On March 7, 2018, following a three-day jury trial in the Kent County Circuit Court, Petitioner was convicted of domestic violence, in violation of Mich. Comp. Laws § 750.814, interfering with electronic communications, in violation of Mich. Comp. Laws § 750.540, and felonious assault, in violation of Mich. Comp. Laws § 750.82. On May 1, 2018, the court sentenced Petitioner as a fourth-habitual offender, Mich. Comp. Laws § 769.12, to concurrent sentences of 12 to 70 years for domestic violence, 4 to 15 years for felonious assault, and 2 to 15 years for interfering with electronic communications. Those sentences, in turn, were to be served consecutively to sentences for which Petitioner was on parole when he committed the present offenses.

On September 1, 2022, Petitioner filed his habeas corpus petition. The instant petition, however, was not Petitioner's first. On June 3, 2021, Petitioner filed his first habeas corpus petition raising four grounds for relief, as follows:

I.  An arrest warrant was issued in violation of the Fourth Amendment.

II. Petitioner was deprived of effective assistance of counsel [because] defense trial counsel failed to investigate and present Fourth Amendment claim and file proper pretrial motions.

III. Petitioner was maliciously prosecuted in violation of the Fourth and Fourteenth Amendments.

IV. Trial counsel deprived Petitioner of effective assistance of counsel [because] trial counsel failed to impeach the state's witness['s] false testimony on the material fact[s] with impeachment evidence and prosecutor's false and misleading information.

2

Pet., *Harris v. Skipper*, No. 1:21-cv-460 (W.D. Mich.), (ECF No. 1, PageID.6–10.) The Court concluded that Petitioner had not exhausted his state court remedies with regard to any of the issues raised in the petition. He had raised two—habeas grounds I and III—by way of a motion for relief from judgment that the trial court denied on March 29, 2021. He had not raised the other two at all. When the Court reviewed the petition, the time for Petitioner to file an application for leave to appeal in the Michigan Court of Appeals had not yet expired.

The Court considered whether the petition should be held in abeyance while Petitioner exhausted his state court remedies. The propriety of that relief depended on the time remaining in Petitioner's period of limitation:

> Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 29, 2020. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 28, 2020. Accordingly, absent tolling, Petitioner would have one year, until July 28, 2021, in which to file his habeas petition.
>
> The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). Petitioner does not identify the date he filed the motion for relief from judgment. He does note that the motion was denied on March 29, 2021, so it was certainly pending on that date—and, because the time to file an application for leave to appeal that decision has not expired, it continues to pend. Mich. Ct. R. 6.509(A). The soonest the period of limitation might begin to run is September 29, 2021, six months after the trial court denied relief.
>
> So long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion and after the Michigan Supreme

>Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 781. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).
>
>Petitioner has more than sixty days remaining in his limitations period. Indeed, he had at least 120 days remaining when the trial court denied his motion for relief from judgment—the latest possible date the period of limitation was tolled. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will dismiss the petition for failure to exhaust available state-court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

Op., *Harris v. Skipper*, No. 1:21-cv-460 (W.D. Mich. June 15, 2021), (ECF No. 6, PageID.37–38.)

After the Court dismissed the petition, on July 9, 2021, Petitioner filed his application for leave to appeal to the Michigan Court of Appeals. *See* https://www.courts.michigan.gov/c/courts/coa/case/357773 (last visited Sept. 26, 2022). By order entered August 13, 2021, the court of appeals denied leave to appeal. Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. That court denied leave by order entered January 31, 2022. *People v. Harris*, 969 N.W.2d 42 (Mich. 2022).

Petitioner then returned to this Court. On September 1, 2022, Petitioner filed his present habeas petition raising two grounds for habeas relief, as follows:

I. A warrant was secured in violation of the Fourth Amendment of the U.S. Const.

II. Perjured testimony was used to obtain a conviction and to create probable cause.

(Pet., ECF No. 1, PageID.5–7.)

4

**II.    Statute of Limitations**

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Petitioner appealed the judgment of conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on April 29, 2020. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to

run until the ninety-day period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 28, 2020.

Petitioner had one year from July 28, 2020, until July 28, 2021, to file his habeas application. Petitioner filed his application on September 1, 2022. Obviously he filed more than one year after the period of limitations began to run. Thus, absent tolling, his application is time-barred.

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). Petitioner filed a motion for relief from judgment in the trial court on March 12, 2021. *See* https://www.accesskent.com/CNSearch/appStart.action (search First Name "Larry," Last Name "Harris," Year of Birth "1979," select criminal; select Case Number "17-10975-FH") (last visited September 26, 2022).

From the date Petitioner's judgment became final to the date he filed his motion for relief from judgment, 227 days ran on his period of limitation. The period was then tolled until January 31, 2022. The period then commenced running again, and on June 20, 2022, the period of limitation expired.[1] Petitioner's filing on September 1, 2022, was more than two months late.

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth

---

[1] The 365th day was actually June 18, 2022. But that date was a Saturday.

Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen*, 366 F.3d at 403 ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling." (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991))). In this instance, however, in response to Petitioner's first petition, the Court specifically explained: when the statute of limitations started to run; that it ran until he filed his motion for relief from judgment; and that it would be tolled until the appeal of the denial of his motion was decided or the time to file such an appeal expired. The Court estimated the time that would remain to be at least 120 days—as calculated above, it was 138 days.[2] The Court specifically

---

[2] The difference between the estimated days and the actual days is the difference between the date the trial court decided the motion for relief from judgment and the date that Petitioner filed the motion. The Court was aware of the former date when it considered Petitioner's first petition, but not the latter date.

advised Petitioner regarding the deadline. Petitioner simply ignored that advice. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327) (addressing actual innocence as an exception to procedural default). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, although Petitioner may baldly claim that he is actually innocent, he proffers no new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1). His petition therefore appears to be time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*,

547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:   September 30, 2022                     /s/ Paul L. Maloney
                                                Paul L. Maloney
                                                United States District Judge